Judge Trimble
delivered the following.opinion of court . — Strong, as assignee of Andrew L. Crow, brought an action of debt against Lynch and Hall, in the Franklin district court. M’Clelland, the sheriff of ghelby, returned the writ, as executed, and that bond was given, with John Blanton as appearance bail. This bond was only for the appearance of Lynch ; and no ¡)aq i30n(l fr0m the other defendant, was returned. The plaintiff declared in the detinet only ; took a judgment in the office against the defendants, and Blanton, as their appearance bail; which judgment was confirmed in court. An appeal was prosecuted by the defendants in that action. The appellee confessed judgment in this — “that the cortlmon order was taken erroneously and the cause was, by the judgment of the appellate court, sent down for new proceedings to be had, to commence by taking the common order. The common order was then taken against Lynch and Hall, against Blanton, as appearance bail, and against thesheriff of Shelby j which ],e;n„ confirmed, the cause was transfered to the court docket. Blanton then entered into a recognizance, as *523 special bail for Lynch, who pleaded payment; and issue was thereupon joined, and the office judgment (as to Lynch) was set aside. On the same day, (as the record states) “ came the parties, by their attornies, that is to say, Walter E. Strong, assignee of Andrew L. Crow, plaintiff, against Charles Lynch, Henry Hall, and Daniel M’Clelland, sheriff of Shelby county, defendants, in debt ; and the said defendants relinquishing their former plea herein pleaded, and the counsel not being informed,” &c. “ it is therefore considered by the court, that the plaintiff recover against the said defendants, the sum,” &c.
To reverse this second judgment, a writ of error, with a Supersedeas, is prosecuted ; in which, errors are assigned by counsel, as follow :
“ 1st. The declaration ought to have been in the debit and detinet, and it is in the detinet only.
“ 2d. The declaration is filed on a bond given to Andrew L. Crow, and assigned to Walter E. Strong; and the writing obligatory exhibited in the record, is one executed to Walter É. Strong, and Andrew L. Crow ; syhich is not the same obligation.
“ 3d. Final judgment is entered against Daniel M’-Clelland, as sheriff of Shelby, which is erroneous ; and, if not, then execution issued, erroneously against him, with the defendants, Lynch and Hall.
“ 4th. The common order and office judgment are taken, generally, against the appearance bail, and sheriff; which is erroneous, because the sheriff, if liable at all, was only so, specially, for one defendant.”
The matter stated in the first assignment, might have been cause of special demurrer; and that stated in the second assignment, is but matter in abatement. These, therefore, come too late after judgment.* The variance between the bond declared on, and that of which proferí is made, could have been taken,advantage of only by demanding oyer, and pleading it in due time. The obligation itself, or a copy of it, properly makes no part of the record, without oyer has been asked. The judgment being by non sum informatus, as to Lynch, and by . default, if not by non sum, as to Hall, and the sheriff, the obligation declared on, is admitted — See Fenwick vs. *524 McGinnis—Ralston, &c. vs. Love and Bass (a)—and Palmer and Casey vs. M'Ginnis (b), decided at this term. '
Allen, for the plaintiffs ; Talbot, for the defendant.
It is clear, that the judgment is rendered against Lynch, Hall, and M’Clelland, as sheriff. The record explains who are parties ; and in the rendition of judgment, those three are expressly named as defendants, and judgment is then rendered against the said defendants.
. The sheriff had failed to take bail of Hall, and return a copy of the bail bond, upon the execution of the capias demanding bail. For this neglect of his duty, the law-made him responsible to the judgment of the plaintiff, as a defend act — -See Brad. E. L. K, p. 221, (I VoL) $ 11 (c).
We cannot perceive any thing in the 4th objection, but rigid technicality. The record shews the liability of the sheriff, and that the plaintiff in the action had proceeded against him. To distinguish, on the rules, for whom the sheriff, or the several pledges for the appearance of the defendants in the writ, stand bound, is not necessary ; as it relates to that action, it is a mere formula, seldom, if, ever, pursued. Each defendant is bound for the whole bebt; and, therefore, whether the sheriff became liable for one, or both the defendants, nei - ther increased nor diminished his responsibility and liability in the action. If the sheriff should desire to have recourse to the person for whom ‘ he became bound to Strong, the record will furnish sufficient evidence. The law has declared his liability, and the reason and manner of it. The specification of the particular link in the chain which binds and connects the sheriff to the plaintiff’s action, cannot increase its strength. ' It is enough that the finger of the law has pointed it out, and that the plaintiff in the action has insisted on it, by taking his judgment against the sheriff. In fact, if it were even a departure from technical nicety, it is but á misprision of the clerk, apparent on the record ; and there is no doubt, but that it is substantially correct. The clerk might have amplified the common order, by rendering the liability of the bail, and of the sheriff, to their respective sources, without any violence to the record as now certified.-- Judgment affirmed.
On a subsequent day, Allen filed the following petition *525 for a re-hearing : A re-hearing is moved for, because, from the record, it appears that the sheriff had returned the writ executed, and John Blanton, bail, &c.
The plaintiff took a common order, in January 1802, against the defendant and bail; February, common order confirmed ; March, final judgment, and appeal taken by defendants. Afterwards, in June 1802, in the court of appeals, error confessed, in taking the common order, &c. Afterwards, the suit was replaced on the rule docket, without the order of the court below. A common order was then taken against the sheriff, which was afterwards confirmed ; execution, &c.
This is not merely an irregularity as to the sheriff ; but an entire want of cause against him, at the time he was proceeded against.
The decision of the court of appeals, in the case of Latham vs. Prather and Smiley, Pr. Dec. 144, shew, that even where steps have been taken in the office, against bail, yet if the bail is omitted in final judgment, he is thereby released and exonerated ; he is no longer a party in the record ; he cannot object to any irregularities, or errors therein. This doctrine is farther confirmed by the decisions' in the court of appeals, Smith and Lynch vs. Overton, and Lynch vs. Agen.
Once released, always released, is a clear point. The act of assembly, of 1796, places sheriffs chiefly on the footing of bail, where they are liable for insufficiency, or want of bail. " If, then, bail would be released by an omission to notice him in final j udgment, even after he had been noticed on the rules, is it not a stronger case, that the sheriff should stand released, when he had not been noticed, either on the rules, or in final judgment? file was then out of the case ; he could not object to any error or irregularity in the record. Can the defendant, by taking a writ of error or appéal, and the plaintiff then confessing error, re-charge the sheriff ? If this can be done, let me ask, how long is a sheriff to keep a watch over the numerous writs he iriay have executed ? How long is he to hold himself prepared to shew that he had filed a bail bond? For observe, bail bonds are sometimes lost, as well as other papers, from offices.
The act of assembly, of 1796, limits the time of objecting to bail. Where there is no bail, the cases are not exactly within the letter, but are assuredly, much *526 1 within the reason of the law. Ought not a sheriff to, have notice in the one case as well as the other ? Might he not shew a cause why bail ought not to be required at his hand ? As, for example, might not the plaintiff have v erbally directed the sheriff to omit bail ?

June 24th.

How can the court, in the present case, say bail was not taken ? The sheriff, many years ago, returned bail taken ; the then plaintiff recognized it, and proceeded without complaint against the sheriff; took final judgment ; and then, without a trial, gave up the judgment, and took a judgment against the sheriff, without his knowledge or consent. How was he brought into court ? How was day given him to appear in court ? The execution was the first notice given him. That Lynch and Hall may have justly owed the debt, is one thing; but that the sheriff should pay it, is another.
There is, and ought to be a reciprocity ; that if the sheriff is liable for the bail, he. should be promptly proceeded against, if held liable ; and if delay shall have, taken place, the plaintiff should be left to his action at common law, against the sheriff, for a false return ; wherein the partios would meet on equal ground, to controvert such facts as were relevant to the point in contest.
This case was without jury, and those points are for determination : 1st, Was there a sufficient existing cause at the time the proceedings were had against the sheriff, to render him liable in that way ? 2d, Was he legally before the court? Had there not been a discontinuance, as to him, long prior thereto ? If so, the judgment against him should be reversed.
Judge Trimble delivered the following opinion of the court, upon the foregoing motion : — -The court have considered the petition, and find no cause for changing their former opinion. The petition supposes the proceedings to have amounted to an implied release of the sheriff. Such an implication cannot be indulged as a plausible presumption. The sheriff returned the writ executed ; his duty required that he should return bail for both defendants ; but the bail returned, instead of being bound for both, as his return would imply, was bound for one only. The plaintiff shewed no disposition to release the security given him.by law, but took judgment against the defentants, and Blanton, their ap *527 pearance bail. The most which can be said, is, that he was under a mistake, in supposing that Blanton was bail for both.
This mistake was superinduced by the omission of the sheriff to do his duty; and therefore, he ought not to derive benefit from that which proceeded from his own wrong. The erroneous judgment against Blanton, as bail for both, when his bond only bound him for one, was complained of, and rectified ; the proceedings were to commence anew, by taking the common order, which has been done.
If the sheriff had done his duty, he would have been secure. If he had colourably performed his duty, by taking bail for both, the law had limited the time for excepting to the sufficiency of the bail; and after that time, he would have been secure. But here, he made no attempt to do his duty, as to one of the defendants, for which he became responsible ; and we see nothing to release him.
Motion for a re-hearing overruled.

 Robinfon vs. Lillard's executors, fall term 1805, S. P.

 Ante 501.

 Ante 505.

 A«* "7’p‘ *°‘